**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DWAYNE H. MORTON,** : | **CIVIL ACTION NO. 1:04-CV-0591** |
| : | |
| **Plaintiff** : | **(Judge Conner)** |
| : | |
| v. : | |
| : | |
| **BRAD MARTIN,** : | |
| : | |
| **Defendant** : | |

## ORDER

AND NOW, this 15th day of July, 2005, upon consideration of plaintiff's motion for leave to amend the complaint (Doc. 23), to add as defendants several parties who were not identified or listed in the caption of the original or amended complaint (Docs. 1, 11) but who allegedly participated in an assault on plaintiff in April 2002 and negligently failed to provide medical treatment to plaintiff during several months following the assault (Doc. 23), and it appearing that the factual allegations relevant to the new claims[1] were known to plaintiff in 2002 and at the time of filing of the original complaint in March 2004 (see Docs. 1, 23), see Beauty Time, Inc. v. Vu Skin Sys., Inc., 118 F.3d 140, 143-44 (3d Cir. 1997) (discussing accrual of claims); Bohus v. Beloff, 950 F.2d 919, 924 (3d Cir. 1991) (same); see also 42 PA. CONS. STAT. § 5502(a), that plaintiff does not offer any justification for the delay in requesting leave to amend the complaint to include these claims until one month prior to the scheduled commencement of trial, on August 9, 2005 (Doc. 15), see

---

[1] These claims, if cognizable, would arise under 42 U.S.C. § 1983 and Pennsylvania tort law.

Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 272-73 (3d Cir. 2001) (discussing undue delay), and that, because the proposed amendments would not relate back to the date of filing of the original complaint,[2] the claims are barred by the applicable two-year statute of limitations,[3] see Lundy v. Adamar of N.J., Inc., 34 F.3d 1173, 1196 (3d Cir. 1994) (discussing futility),[4] it is hereby ORDERED that the motion for leave to amend (Doc. 23) is DENIED on grounds of undue delay and futility.  All previous case management orders remain in full force and effect.

           S/ Christopher C. Conner
          CHRISTOPHER C. CONNER
          United States District Judge

---

[2] Nothing in the record suggests that the parties to be brought in by the proposed amendment "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the[m]."  See FED. R. CIV. P. 15(a).  Indeed, the fact that the original and amended complaints did not identify these parties—despite their alleged direct involvement in the underlying events—strongly implies that, even if these individuals and entities were aware of this lawsuit, they would have no reason to suspect that they had been inadvertently omitted from the case.

[3] See 42 PA. CONS. STAT. § 5524(1), (2), (7) (establishing limitations period for torts relating to assault and negligence); see also Owens v. Okure, 488 U.S. 235, 249-50 (1989) (stating that claims under 42 U.S.C. § 1983 are subject to the same statute of limitations period applicable to state personal injury actions); Garvin v. City of Philadelphia, 354 F.3d 215, 220 (3d Cir. 2003) (same).  Plaintiff does not allege, and the record does not suggest, any "exceptional" or other circumstances that would potentially warrant tolling of the limitations period in this case.  See, e.g., Lake v. Arnold, 232 F.3d 360, 370 & n.9 (3d Cir. 2000).

[4] An affirmative defense such as application of a statute of limitations is generally not considered in the context of a motion for leave to amend.  See Lundy, 34 F.3d at 1196.  However, when the proposed amended pleading "facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading," Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994), the court may rely on the defense to support a finding of futility.  See Lundy, 34 F.3d at 1196.